KLOPP, APPELLEE, *v.* RAPE, APPELLEE, SINGER CO., APPELLANT.

(No. 11251—Decided December 7, 1970.)

*Mr. Thomas R. Smith,* for appellee Klopp.
*Mr. Frank F. Ferris II,* for appellee Rape.
*Mr. Edward J. Utz,* for appellant Singer Company.

*Per Curiam.* This is an appeal upon questions of law from orders of the Court of Common Pleas of Hamilton County overruling a motion for a new trial and granting judgment on a verdict.

Appellant, the defendant Singer Company, has set forth two assignments of error. The first is that the trial court erred in failing to sustain its motions for summary judgment, for a directed verdict at the end of the plain-

tiff's evidence and at the end of the case, and for a new trial, for the reason that at the time of the accident defendant Rape was not acting within the scope of his employment, by the defendant Singer Company. The second is that the trial court erred in failing to grant defendant Singer Company's motion to require the plaintiff to elect as to which of the two defendants he would proceed against.

This is a personal injury suit arising from an automobile collision. The facts are virtually undisputed. Defendant Gerald Rape was employed by defendant Singer Company as a salesman-serviceman, and performed most of his activities in the homes of customers and prospects. The Singer Company furnished Rape with a truck which he used in the course of his employment and to drive to and from The Singer Company's store. This truck was parked in a service station a short distance from Rape's home, the storage charge being paid by The Singer Company.

On September 7, 1964, Labor Day, Rape was assigned to work in a display booth operated by The Singer Company at the Cincinnati Zoo, his duties essentially to be those of a salesman. His supervisor instructed him to arrive at the booth at 1:00 p. m., and from past experience Rape knew that he was to bring his brief case containing sales agreement forms and demonstration materials. He placed these items in his own car and started for the zoo. Rape's explanation for the use of his personal vehicle was that the service station where the company truck was stored was closed on Sundays and holidays. Enroute, Rape drove his car across the center line of the highway and struck another vehicle operated by plaintiff, an on-duty Cincinnati policeman, inflicting personal injuries.

Ultimately, the jury returned a verdict against both Rape and The Singer Company.

The fundamental question is whether at the time of the accident Rape was acting within the scope of his employment. The evidence clearly establishes that Rape was not instructed how to get to the zoo on September 7, 1964, and that he neither requested nor was paid an allowance for gasoline or mileage.

The criterion to be applied, we believe, is found in the case of *The Lima Railway Co.* v. *Little,* 67 Ohio St. 91, where paragraph two of the syllabus reads:

"The test of a master's liability is not whether a given act was done during the existence of the servant's employment, but whether such act was done by the servant while engaged in the service of, and while acting for the master, in the prosecution of the master's business."

Certainly, the collision involved here occurred during the existence of Rape's employment by The Singer Company, but did it occur while he was engaged in the service of and in the prosecution of the employer's business?

In the opinion of *Boch* v. *New York Life Insurance Co.,* 175 Ohio St. 458, at 463, Chief Justice Taft observed: "* * * an employer is usually not concerned with the means of transportation used or the route taken by his employee in getting to work. He usually regards that as 'none of his business.' In other words, until the employee gets to work he is usually not subject to the direction or control of his employer as to any details of any transportation enterprise that may be involved in getting him there. It is therefore difficult to understand how, in the absence of some special arrangement (such as the one which existed in *Morfoot, Admx.,* v. *Stake* (1963), 174 Ohio St. 506, 190 N. E. 2d 573, where an employee was required by his employer to use a certain mode of transportation in going to and from work), an employee can reasonably be found to be subject to any direction or control of his employer as to the operation of the employee's own automobile on his way to work."

Consequently, the test set forth in the case of *The Lima Railway Co.* v. *Little, supra,* was amplified thusly in *Boch* v. *New York Life Insurance Co., supra,* in paragraphs one and two of the syllabus:

"1. An employer is liable for the negligence of his employee in operating the employee's own automobile only where it is established by a preponderance of the evidence

(1) that the employer had expressly or impliedly authorized the employee to use his own automobile in doing the work he was employed to do,

(2) that the employee was at the time of such negligence doing work that he was employed to do, and

(3) that the employee was subject to the direction and control of the employer in the operation of the employee's automobile while using it in doing the work he was employed to do.

"2. As a matter of law, a master is not liable for the negligence of his servant while driving to work at a fixed place of employment, where such driving involves no special benefit to the master other than the making of the servant's services available to the master at the place where they are needed."

The booth at the Cincinnati Zoo sponsored by The Singer Company was a fixed place of employment for Rape on the day in question, and his driving to it involved no special benefit to his employer other than to make his services available to it there. Even if it could be said that, by implication, The Singer Company had authorized Rape to use his own automobile to travel from his home to the place of employment, reasonable minds could come to no other conclusion than that Rape was not doing work he was employed to do, nor subject to the direction and control of The Singer Company in the operation of the vehicle at the time of the collision.

Therefore, as a matter of law, The Singer Company was not liable for Rape's negligence and the trial court should have granted The Singer Company's motion for a directed verdict at the end of the plaintiff's case or, assuredly, at the conclusion of all the evidence. Had the trial court not erred, there would have been no necessity for The Singer Company to move for an order requiring plaintiff to elect as to which defendant to proceed against, and we need not pass upon the second assignment of error before us.

The judgment of the Court of Common Pleas is reversed in that part affecting The Singer Company. This Court will do what the court below should have done and final judgment is rendered for The Singer Company.

*Judgment reversed.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.